

| | UNITED STATES DISTRICT COURT | |
|---|---|---|
| Jeannette J. Clack<br>Clerk of Court | WESTERN DISTRICT OF TEXAS<br>727 East Cesar E. Chavez Blvd., Suite A500<br>San Antonio, Texas 78206 | Philip J. Devlin<br>Chief Deputy |

August 25, 2021

| | | |
|---|---|---|
| AYOLA VILLARREAL, | § | |
|     Plaintiff | § | |
| V. | § | CIVIL ACTION NO. SA-18-CV-1215-OLG |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
|     Defendant | § | |

Dear Counsel,

    I have been made aware by Chief Judge Orlando Garcia that he presided over the above-mentioned case, and owned stock in the defendant's company in a sum not greater than $10,000.00. However, his ownership of this stock neither affected nor impacted his decisions in the case. Had he known of his stock ownership at the time the case was assigned to him, he would have recused himself or divested his ownership of the stock as required by the Code of Conduct for U.S. Judges. Included below are the Committee on Code of Conduct Advisory Opinion Number 71 and 69.

    Advisory Opinion 71 provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

    *"A judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision, the parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision."*

    Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee further explained similar considerations would apply when a judgement was entered in a district court by a judge, and it is later learned that the judge was disqualified. On the other hand, in part, Advisory Opinion 69 provides:

    *"Notwithstanding the preceding provisions of this Canon, if a judge to whom a matter has been assigned would be disqualified because of a financial interest in a party (other than and interest that could be substantially affected by the outcome, disqualification is not required if the judge (or the judge's spouse or minor child) divests the interest that provided the grounds for the disqualification."*

With Advisory Opinion 71 and 69 in mind and given that Chief Judge Garcia neither disqualified himself nor divested his interest in the stock during the pendency of the case, you may respond to Chief Judge Garcia's disclosure of this potential case conflict.  Should you wish to respond please submit your response no later than 10 (ten) days from the date of this correspondence.  Any response received will be reviewed by a judge independent of Chief Judge Garcia.

    Sincerely,

    */s/ Jeannette Clack*

    Jeannette Clack
    Clerk of Court